**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4499

RIGOBERTO MALDONADO-VENCES,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-98-5)

Submitted: November 30, 1998

Decided: December 31, 1998

Before MURNAGHAN, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, David P.
Folmar, Jr., Assistant United States Attorney, Jason Moss, Third Year
Law Student, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rigoberto Maldonado-Vences appeals the district court's judgment convicting him of illegal re-entry into the United States in violation of 8 U.S.C.A. § 1326(a) & (b)(2) (West 1970 & Supp. 1998). Appellant's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that the appeal does not present any meritorious issues but raising one issue: whether the court abused its discretion by sentencing Appellant to 52 months' imprisonment. Appellant has filed a pro se supplemental brief contending that he should receive a reduced sentence because he was not informed of the opportunity to contact the Mexican Consulate upon his arrest. Finding no reversible error, we affirm.

At the plea hearing, the court properly determined that Appellant was competent to enter a plea, that he understood the charge against him and the maximum and minimum sentence and fine. Appellant was informed that the court was obligated to consider the applicable sentencing guidelines. In addition, Appellant was informed of the rights he was waiving by entering a guilty plea. The court also reviewed the plea agreement. Appellant stated that he was not promised anything other than what was in the plea agreement, nor was he forced to accept the terms of the agreement. Finally, the district court properly found a sound factual basis for accepting the guilty plea.

The presentence investigation report ("PSI") correctly stated that Appellant's base offense level was 8. See U.S. Sentencing Guidelines Manual § 2L1.2(a) (1997). The base offense level was increased 16 levels because he was previously deported after a conviction of an aggravated felony. See USSG § 2L1.2(b). Pursuant to the plea agreement, Appellant received a 3-level offense level reduction for acceptance of responsibility. He was placed in criminal history category III. The Sentencing Guidelines range was 46 to 57 months' imprisonment.

2

At sentencing, the court adopted the PSI's findings and recommendations without objection from Appellant. After Appellant made a brief statement in mitigation, the court sentenced Appellant to 52 months' imprisonment and three years supervised release. Despite Appellant's contention that his sentence is too severe, this court does not have jurisdiction to review a sentence which is within the correct guideline range. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

In his pro se supplemental brief, Appellant asserts that the arresting authorities failed to notify him that, as a foreign national, he had the right to contact[1] the Consulate of Mexico pursuant to the Vienna Convention on Consular Relations, opened for signature Apr. 24, 1963, 21 U.S.T. 77 (ratified by the United States Nov. 12, 1969).[2] Our review is for plain error because Appellant did not raise this claim in the district court. See United States v. Olano , 507 U.S. 725, 731-32 (1993).

We note initially that Appellant's voluntary guilty plea waives all prior nonjurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). In addition, the failure to inform Appellant of his rights under the treaty is not a denial of his constitutional rights. See Murphy v. Netherland, 116 F.3d 97, 100 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3193 (U.S. Sept. 12, 1997) (No. 97-5808).

Furthermore, Appellant fails to show how he was prejudiced by the alleged treaty violation. See generally United States v. Rangel-Gonzales, 617 F.2d 529, 532-33 (9th Cir. 1980). Nor is there any indication that Appellant has attempted to contact his consulate since his

_____

[1] Under the treaty, an arrestee who is also a foreign national shall be informed of his right to contact his consulate. See Faulder v. Johnson, 81 F.3d 515, 520 (5th Cir. 1996).
[2] A similar claim was raised in Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3684 (U.S. Apr. 14, 1998) (Nos. 97-8214 (A-732), 97-1390 (A-738), 97-8660 (A-767)). However, that case is not dispositive of Appellant's claim. In Breard, this court denied habeas corpus relief because Breard did not show cause for failing to raise the alleged treaty violation in state court or a miscarriage of justice. See Breard, 134 F.3d at 620.

3

arrest and conviction. Appellant contends that had he contacted the Mexican Consolute he would have been advised by the consulate not to make statements to the police and he would have been provided with a competent attorney. Appellant fails to show that statements he made to the police prejudiced his defense. He also fails to show based on the record before us that his appointed counsel was ineffective. Accordingly, we do not find plain error.

Pursuant to the requirements of <u>Anders</u>, this court has reviewed the record for potential error and has found none. Therefore, we affirm Appellant's conviction and sentence. We deny counsel's motion to withdraw without prejudice to renewal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4